1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  DANIEL R. KALEBA (CABN 223789)
   Assistant United States Attorney
5
   150 Almaden Boulevard, Suite 900
6  San Jose, California 95113
   Telephone: (408) 535-5061
7  Facsimile: (408) 535-5066
   E-Mail: daniel.kaleba@usdoj.gov
8

9  Attorneys for Plaintiff

10               UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13  UNITED STATES OF AMERICA,        )   No. CR-08-70520 PVT
                                     )
14          Plaintiff,               )   **UNITED STATES' MOTION TO**
                                     )   **REVOKE PRETRIAL RELEASE**
15      v.                           )   **ORDER FOR DEFENDANT HASSAN**
                                     )   **ABPIKAR**
16  HASSAN ABPIKAR                   )
                                     )   Court:   Hon. James Ware
17          Defendant.               )   Date:    August 25, 2008
                                     )   Time:    1:30 p.m.
18                                   )
   _____    )

19

20                    **INTRODUCTION**

21        Pursuant to 18 U.S.C. § 3145(a), the United States files this motion to revoke Magistrate

22  Judge Patricia V. Trumbull's order granting pretrial release to defendant Hassan Abpikar.

23  Defendant is charged by complaint with knowingly making false statements under oath in

24  support of his citizenship application.  Defendant has repeatedly failed to disclose to United

25  States immigration officials his 1980 felony conviction in Oklahoma for Telephoning a Bomb

26  Threat.  Defendant also provided false information concerning his place of residence and marital

27  status.  Defendant recently provided to this Court's Pretrial Services the same false information

28  concerning his recent place of residence.

   MOT. TO REVOKE TO PRE-TRIAL RELEASE    1
   No. CR-08-70520 PVT

1  Defendant has a lengthy criminal history for crimes of dishonesty, and multiple failures to
2  appear for his state court proceedings within California.  At least twice this year defendant has
3  provided false identification documents to local law enforcement to evade four outstanding
4  warrants for his arrest.  For example, at the time of defendant's June 9, 2008 arrest, the defendant
5  presented a fraudulent driver's license to law enforcement, claiming to be "Morteza Dashti."
6  Defendant is a flight risk, and the United States urges this Court to accept Pretrial Service's
7  recommendation that defendant be detained.

8  For the reasons set forth below, the United States respectfully requests this Court revoke
9  Judge Trumbull's pretrial release order.

## ARGUMENT

### A.    Standard Of Review Is De Novo.

12  "[A] district court's review of a magistrate's detention order is to be conducted without
13  deference to the magistrate's factual findings."  *United States v. Koenig*, 912 F.2d 1190, 1192
14  (9th Cir. 1990).

### B.    The Defendant Is A Flight Risk.

16  The Bail Reform Act of 1984 ("the Act") permits pretrial detention of a defendant
17  without bail where "no condition or combination of conditions will reasonably assure the
18  appearance of the person as required and the safety of any other person and the community."  18
19  U.S.C. § 3142(e).  Detention is appropriate where a defendant is either a danger to the
20  community or a flight risk; it is not necessary to prove both.  *United States v. Motamedi*, 767
21  F.2d 1403, 1406 (9th Cir. 1985).  A finding that a defendant is a flight risk need only be
22  supported by a preponderance of the evidence.  *Id.*

#### 1.    Factual Circumstances of the False Statements.

##### (a)    The February 27, 1980 Felony Conviction

25  Defendant is a citizen of Iran, and entered the United States in 1979 on a student visa.  On
26  February 27, 1980, in the State of Oklahoma, defendant plead guilty to the felony offense of
27  Telephoning a Bomb Threat.  He received a sentence of imprisonment of two years suspended to
28  be run concurrently with a second conviction.  (Judgment and Sentence, and Plea of Guilty,

1  attached as Exhibit A to this Motion.) On March 14, 1983, defendant filed an Application for
2  Status as Permanent Residence, and falsely declared in this application that he had not been
3  arrested, convicted, or confined in a prison. On May 14, 1983, while under oath, he orally
4  testified to an immigration officer that the facts on the application were true to the best of his
5  knowledge. Defendant hid a material fact about his criminal history, and this omission likely
6  influenced the subsequent decision to approve his application for permanent residency.

7      In 1990, defendant applied for naturalization as a United States citizen, and, again, failed
8  to disclose his prior felony conviction. This application was not successful.

9                          **(b)    The November 24, 2004 Application for Naturalization**

10     On November 24, 2004, defendant filed a second application for naturalization.
11 Defendant provided at least three false statements in this application. For the third time, he failed
12 to disclose his prior felony conviction for Telephoning a Bomb Threat. Defendant also provided
13 false information concerning his marital status, stating that he was "Single, Never Married."
14 This declaration is inconsistent with his two prior applications for status adjustment. In 1990, he
15 stated that he was married in November, 1982 and divorced in October, 1983. In May, 1983, he
16 declared that he was neither married nor divorced.

17     Defendant also provided false information concerning his address. He stated that his
18 home address was "3254 Fleur De Lis Court, San Jose, California." In fact, Abpikar did not
19 reside at this address at the time of the 2004 application. A detective with the Santa Clara
20 County Sheriff's Office recently interviewed the residents of 3254 Fleur De Lis Court, a single
21 family house, and they stated that they did not know the defendant, and in the approximate eight
22 years since they have resided at that address, defendant did not reside there. The residents stated
23 that mail had been delivered in the defendant's name at that address, however, and that they had
24 previously reported to the San Jose Police Department complaints of men matching the
25 defendant's physical characteristics attempting to steal mail from the mailbox.

26     Just last week, defendant also falsely declared to this Court's Pretrial Service that he
27 previously resided at this 3254 Fleur De Lis Court residence.

28 //

1

### (2)    Defendant's July 7, 2006 Removal Proceedings

2      In May, 2006, U.S. Citizenship and Immigration Services initiated removal proceedings
3  against the defendant. The basis for removal included defendant's criminal history, noting the
4  defendant's 1980 felony bomb threat conviction, an August 7, 1999 theft/petty theft conviction,
5  and a March 6, 2006 nolo contendere plea to petty theft with a prior. Defendant had not yet been
6  sentenced on this offense at the time of his July 7, 2006 hearing. Removal proceedings were
7  terminated and the defendant released from federal custody on July 11, 2006 to allow defendant
8  to be sentenced on the March 6, 2006 nolo contendere plea. (July 11, 2006 INS Form 203 Order
9  to Release or Detain Alien, attached as Exhibit B to this Motion.) Defendant never appeared for
10 sentencing, and a warrant was issued for his arrest on July 20, 2006. By the time of the
11 defendant's arrest on June 9, 2008, four warrants were issued for his arrest.

12

### (3)    Defendant's June 9, 2008 Arrest

13     On June 9, 2008, defendant was stopped by a Santa Clara County Sheriff's deputy for a
14 traffic citation. Defendant presented an "International Driver's License" with his picture and the
15 name "Morteza Dashti" to the deputy. (Identification Documents from June 9, 2008 Arrest,
16 attached as Exhibit C to this Motion.) He drove a car registered under a different name, but
17 claimed he recently purchased the car. Defendant told the deputy that he was currently a student
18 at San Jose State University, and that he had been in the United States for one year and three
19 months. He later told a sergeant that he lived in the United States for only nine months. He
20 claimed that he had three years to go until he graduated, and that he was currently taking a
21 Geography class, a political science class, and a math class. He said that he currently lived at 472
22 David Avenue, Apartment 25, San Jose, California. Defendant said that he had never been
23 arrested. None of these statements were true.

24     Defendant consented to the search of his car. Inside the car, officers discovered a
25 February 14, 2008, Notice to Appear citation issued by the San Jose Police Department to
26 "Morteza Dashti." Officers discovered a California driver's license with defendant's picture and
27 the name of "Ben Bertucci." Deputies also found photocopies of two forged passports from the
28 Republic of Iran. The first fraudulent passport copy had the defendant's photograph but the false

1  name of "Morteza Dashti." The second false passport copy had a photograph of a person known
2  as "Aria Hematian" (also defendant's purported roommate) but the false name of "Parsa Arman."

3     Deputies also discovered the "front" of a California driver's license with the name
4  "Hassan Abpikar" but the picture had been removed. The "front" of the Abpikar license was
5  taped to a hard plastic Honda Anti-Theft Radio Identification Card. On the back of the Anti-
6  Theft card was the backing of a driver's license. Deputies also found defendant's Resident Alien
7  card. Deputies checked for outstanding warrants on the name "Hassan Abpikar" and were
8  advised of the four outstanding warrants for defendant's arrest. Inside the car officers also
9  discovered, among other things, four cellular telephones, sixty-one (61) keys to vehicles,
10  miscellaneous pay/owe sheets, multiple vehicle registrations and titles, and credit card receipts
11  with different names. Local law enforcement thereafter contacted Immigration and Customs
12  Enforcement to determine the defendant's true identity and immigration status. An ICE hold was
13  subsequently entered against the defendant.

14     ## C. **Statutory Factors Requiring Detention**

15     The statutory factors contained in 18 U.S.C. § 3142(g) establish that defendant is a flight
16  risk and should be detained pending trial.

17
18     ### 1. **Nature and circumstances of the offense charged (18 U.S.C. § 3142(g)(1)).**

19     The charged offense relates to the making of false statements, and as the defendant has
20  already demonstrated, he repeatedly dissembles about his identity, criminal history, and residency
21  to immigration officials, local law enforcement, and even Pretrial Services.

22     ### 2. **Weight of the evidence against Defendant (18 U.S.C. § 3142(g)(2)).**

23     The evidence against defendant is strong. Certified copies of the 1980 felony conviction
24  documents contradict the defendant's three prior written applications to immigration officials
25  failing to disclose such a conviction. Defendant's statements on marital status are inconsistent
26  with each other - his 2004 application states that he is single and never married, but his 1990
27  application stated he was married and divorced. Further, as shown by the interview of the
28  residents of 3254 Fleur De Lis Court, he was not a resident there as he claimed to be in 2004.

MOT. TO REVOKE TO PRE-TRIAL RELEASE    5
No. CR-08-70520 PVT

1    **3.    Defendant's history and characteristics (18 U.S.C. § 3142(g)(3)).**

2    Defendant's criminal history, as set forth in the Pretrial report, is substantial, and is

3    replete with offenses involving acts of dishonesty and multiple failures to appear. He claimed

4    during the August 13, 2008 detention hearing that he was unable to attend his multiple state court

5    appearances due to being in ICE custody. Defendant was released from ICE custody on July 11,

6    2006 to resolve his state proceedings, but defendant failed to attend any subsequent court

7    appearances, leading to two separate warrants issued for his arrest on July 20, 2006.

8    He has used at least fifteen aliases, and twice presented to local law enforcement in

9    February and June, 2008 (at a time where four warrants had been issued for his arrest) fraudulent

10   identification documents to avoid arrest and resolving the pending state matters, including

11   sentencing on the March 6, 2006 nolo contendere plea. He claimed during the August 13, 2008

12   detention hearing that this state court proceeding has now been resolved, but such resolution

13   occurred only while defendant was in custody. Despite his purported training as a chemist, he

14   has no regular job in this profession. There is no evidence of local familial ties, significant

15   financial resources or assets, or length of residence in the community sufficient to reasonably

16   ensure the defendant's presence at trial.

17   **CONCLUSION**

18   For these reasons, the United States respectfully requests that this Court find that the

19   defendant is a flight risk, and that there are no conditions or combination of conditions that will

20   reasonably assure his appearance in court, and as such, REVOKE the Order of release.

21

22   DATED: August 18, 2008                          Respectfully submitted,

23                                                   JOSEPH P. RUSSONIELLO
                                                     United States Attorney
24

25                                                          /s/
                                                     DANIEL R. KALEBA
26                                                   Assistant United States Attorney

27

28

MOT. TO REVOKE TO PRE-TRIAL RELEASE      6
No. CR-08-70520 PVT

Exhibit A

FILED IN DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

FEB 27 1980

DAN GRAY, Court Clerk
By _____ DEPUTY

THE STATE OF OKLAHOMA
OKLAHOMA COUNTY } SS.

In the District of the Seventh Judicial District of the State of Oklahoma,
Sitting in and for Oklahoma County, Oklahoma

THE STATE OF OKLAHOMA,
                                    Plaintiff,
            - vs -
**HASSAN ABPIKAR**
                                    Defendant.

No. **CRF-79-4786**

## JUDGMENT AND SENTENCE SUSPENDED ON PLEA OF GUILTY

Now, on this **27th** day of **FEBRUARY**, 19**80**, the same being a juridical day of said court, and the time duly appointed for judgment in the above-entitled cause, and said cause coming on for judgment, and the defendant **HASSAN ABPIKAR** being personally present in open court, and being duly represented at all appearances before the court by **his** attorney of record, **CHARLES GREGORY** and having been legally charged with the offense of **TELEPHONING A BOMB THREAT**

and having been duly informed of the nature of the charge and having been duly arraigned thereon, and having duly and properly entered **his** plea of guilty to the crime of **TELEPHONING A BOMB THREAT**

after having been duly advised of **his** rights and the effect of such plea; and it appearing to the court that said defendant is of the age of **19** years; and the defendant having been asked by the court whether he has any legal cause to show why judgment and sentence should not be pronounced against **him** and he stating no sufficient cause why judgment and sentence should not be pronounced against the defendant, and none appearing to the court, it is the judgment of the court that said defendant is guilty of the crime of **TELEPHONING A BOMB THREAT**

It is Therefore, Ordered, Adjudged and Decreed by the Court that **HASSAN ABPIKAR** is sentenced to a term of **TWO (2)** years under the direction and control of the Department of Corrections of the State of Oklahoma; and said defendant is committed to the said Department of Corrections at the Oklahoma State Penitentiary at McAlester, Oklahoma, pursuant to the Oklahoma Corrections Act of 1967 and pursuant to the rules of said Department, for the crime of **TELEPHONING A BOMB THREAT**

said term of sentence to begin at and from the delivery of the defendant to the Warden of the Penitentiary at McAlester, Oklahoma; and that said defendant pay the cost of this prosecution taxed at $ **62.00** for which judgment is hereby rendered against the defendant, and thereupon the defendant is by the court advised of **his** right of appeal.

It is further Ordered, Adjudged and Decreed by the Court that this judgment and sentence shall be and the same is suspended pursuant to the provisions of the Oklahoma Corrections Act of 1967, and pursuant to the rules of the Department of Corrections of the State of Oklahoma, provided however the defendant shall pay the costs of this action.

**(COURT COSTS TO BE PAID ON OR BEFORE APRIL 1, 1980.)**
**(THIS SENTENCE TO RUN CONCURRENTLY WITH CRM-79-3415)**

(Seal)

Attest:                                   **PAUL DUDLEY**
                                          District Judge

**DAN GRAY**
Dan Gray, Court Clerk
By _____ Deputy Court Clerk

I, PATRICIA PRESLEY, Court Clerk for Oklahoma County, Okla., hereby certify that the foregoing is a true, correct and complete copy of the instrument as the same appears of record in the District Court Clerk's Office of Oklahoma County, Okla., this _____ day of _____, 20____.
PATRICIA PRESLEY, Court Clerk
By _____ Deputy

THE STATE OF OKLAHOMA  } SS.
OKLAHOMA COUNTY

I, ————————————————————————, Court Clerk of the District Court of the Seventh Judicial District of the State of Oklahoma, sitting in and for Oklahoma County, Oklahoma, do hereby certify the above and foregoing to be true, correct, full and complete copy of the original judgment and sentence in the case of The

State of Oklahoma —vs— ————————————————————————————————————————

as the same appears of record in my office,

WITNESS my hand and official seal this —————— day of —————————————————, 19————

(Seal)

————————————————————————
Dan Gray, Court Clerk

By ————————————————————————
Deputy Court Clerk

Summary No. 4                                          Revised: 6-76

IN THE DISTRICT COURT OF OKLAHOMA COUNTY, OKLAHOMA

THE STATE OF OKLAHOMA,           )     No. *CRF-79-04786*
                                 )
                Plaintiff,       )     No. _____
                                 )
        -vs-                     )     No. _____'RT
                                 )     No. OKLA           KLA!
*HASSAN ABAKAR*                  )            _____ 1980
                                 )     No. _____   Clerk
                Defendant.       )     No. By _____ _____

## SUSPENDED SENTENCE
## PLEA OF GUILTY:  SUMMARY OF FACTS
### (one or more cases)

1. Is the name just read to you your true name?  A. *YES*

2. How old are you now?  A. *19* years of age.

3. Is *MR GREGORY* your lawyer?  A. *YES*

4. Are you taking any kind of medication?  A. *NO* . If so, what kind and when did you last take it?  A. _____

   Have you ever been treated by a doctor or confined in a hospital for a mental illness?  A. *NO*
   If so, state:  a.  Dates of treatment and/or confinement _____
                  b.  Name and address of treating doctor and/or hospital
                  c.  Discharge diagnosis _____

5. Counsellor, do you have any reason to believe that your client is not mentally competent to appreciate and understand the nature, purpose and consequences of this proceeding and to assist his attorney in presenting any defense he may have to this charge?  A. *NO*

6. Counsellor, do you have any reason to believe that your client was not mentally competent to appreciate and understand the nature, purpose and consequences of his acts at the time they were committed and out of which the charges contained in the Information arose?  A. *NO*

7. You know you are charged with *MAKING A THREATING PHONE CALL* and have you and your lawyer had a copy of the charge(s)?  A. *YES*

8. Do you know that the maximum punishment provided for the crime(s) as now charged is imprisonment for ~~2~~ years and the minimum is imprisonment for ____ years?  A. *YES*

9. Do you understand that on plea(s) of "Guilty" you may be sentenced to a term of imprisonment within those limits?  A. *YES*

10. You know that you are entitled to a speedy jury trial on the charge(s) (and each one of them) and to confront all witnesses who testify against you at the trial(s) and that you have a privilege against self-incrimination?  A. *YES*

11. Do you understand that by entering a plea of guilty you waive your right to jury trial, waive your right to confront witnesses, and waive your privilege against self-incrimination?  A. *YES*

Summary No. 4, page two

12. Do you want a speedy jury trial?  A. _NO_____

13. Do you understand that the law presumes you are innocent of the crime charged in the Information, and presumed to be innocent of any lesser crime included therein?  A. _YES_____

14. Do you understand you have the right to enter or maintain a plea of "Not Guilty" and in doing so you could exercise all of the rights explained herein?  A. _YES_____

15. Do you understand that a plea of "Not Guilty" requires the State to prove each and every material allegation of the Information to the satisfaction of the Jury, or the Court when a Jury is waived, beyond a reasonable doubt, and if the State is not able to meet that burden, you will not be convicted?  A. _YES_____

16. Have you talked over the charge(s) (and each one of them) with your lawyer, understand your rights, and had his advice in the matter(s) and has he served you well?  A. _YES_____

17. Do you wish to enter your plea(s) now and be sentenced now.  A. _YES_____

18. You stand now on a plea of "Not Guilty."  In the event you should change your plea of "Guilty" do you or your attorney have some agreement as to what the prosecution will recommend as the punishment to be imposed?  A. _YES_____

19. Counsellor, what is that agreement? _2 years Susp._ _Sentence_____

20. Is that your understanding, _MR. ABRIKAR_____.  A. _YES_
                                 Name of Defendant

21. What _IS_ your plea(s) to the charge(s), (and to each one of them)? A. _GUILTY_____

22. Do you desire a Pre-Sentence Investigation and Report?  A. _NO_____

23. Do you plead guilty of your own free will, and without any coercion or compulsion of any kind and only for the reason that you are guilty, and you admit you did the acts charged?  A. _YES_____

24. Have you been forced, abused, mistreated, threatened, or promised anything, by anyone to have you enter your plea(s)(or to enter any one of them)?  A. _NO_____

25. Recommendation for Sentence by District Attorney's Office: _____
    _2 years Susp. Sent._____
    _____
    _____

26. You and your attorney heed the recommendation?  A. _YES_____

27. Do the State, the defendant and counsel for defendant all understand and agree that the Court accepts the statements from all of you only as a recommendation, and that it is the independent duty and decision of the Court alone to determine what Judgment and Sentence shall actually be entered?  A. _YES_____

FINDINGS:  The Court finds the defendant is mentally competent to understand the nature, purpose, and consequence of this proceeding.  The Court finds the defendant was mentally competent to appreciate and understand the acts he committed on or about the date alleged in the Information, and to realize the nature, purpose and consequences of those acts at the time they were committed.

05    1 6 0 **7**

Summary No. 4, page three

**FINDING:** The Court finds that the plea agreement is (not) fair and just, and is (not) concurred in by the Court, upon the condition that the Pre-Sentence Report and other relevant evidence are consistent with the representations made at this hearing.

**FINDING AND ORDER:** IT IS HEREBY ORDERED that the plea of "Guilty" is knowingly and voluntarily (entered) (withdrawn, and plea of "Not Guilty" re-entered).

**FINDING:** Pre-Sentence Investigation and Report (is ordered) (is denied) (is waived). If ordered, case continued to _____ for review and sentencing.

IF PRE-SENTENCE REPORT HAS BEEN ORDERED, FOLLOWING FINDING SHOULD BE ENTERED:

**FINDING:** The Court has reviewed the Pre-Sentence Report and all other relevant evidence, and (re-affirms the prior finding that the plea agreement is fair and just and is concurred in by the Court)(now finds the Court cannot any longer concur with the plea agreement, and the former plea of "Guilty" is hereby ordered withdrawn and a plea of "Not Guilty" re-entered).

28.   Do you or your attorney have anything more to say, or do you know of any reason why you should not be sentenced now?  A. _*N O*_

29.   Memorandum of Sentence: You are sentenced to a term of _*2*_ years' confinement in *STATE PEN IT* case(s) to be suspended under the terms set forth herein and under the supervision of the Department of Corrections. These sentences are to run *CC - CRM. 79 - 2415*.

30.   You will pay to the Department of Corrections, in this case, the sum of $7.00 each month, beginning with the _1_ day of _*Apr.1*_, 19 _80_, and a similar payment, in the same amount, on or before the same day of each month thereafter, during the term of this probationary sentence.

31.   You are now told that the suspension of the sentence(s) may be revoked and the entire judgment(s) and sentence(s) enforced, without suspension:

A.   if you violate any City, State or Federal laws;
B.   if you should be in possession of narcotic drugs;
C.   if you habitually associate with convicted felons, or with lewd or vicious persons;
D.   if you indulge in vicious habits;
E.   if you leave the State of Oklahoma without first having received written permission of the Corrections Officer to do so;
F.   if you change residence from the address you gave the Corrections Officer, without notifying said Officer in writing promptly;
G.   if you fail to report in writing to the Corrections Department as directed by them;
H.   if you fail to pay the required sum of money each month to the Clerk of this Court as instructed;
I.   if you fail to pay the Court costs in the sum of $ _*57.00*_ on or before _*April, 1, 1980*_ ;
J.   if you fail to make restitution

32.   Do you fully understand the terms of your suspended sentence, as set forth herein, and do you agree to abide by and obey these rules, and cooperate with the officers of the Corrections Department, and obey their rules, in the supervision of your suspended sentence, so long as the same is in force?  A. _*YES*_

Summary No. 4, page four

33. To appeal from this conviction on your plea of "Guilty" you must file an application to withdraw the plea of "Guilty" within ten (10) days from this date setting forth in detail the grounds for such withdrawal of the plea and requesting an evidentiary hearing in the trial court, and said trial court must hold said evidentiary hearing and rule upon said Application within thirty (30) days from the date of filing the same. No question may be raised in the Petition for Writ of Certiorari which requires an evidentiary hearing unless the same has been raised in the Application to Withdraw Plea in the trial court and a hearing held thereon. Do you understand that? A. _____ YES

34. You have the right to file a Petition in the Court of Criminal Appeals for a Writ of Certiorari; that is, a request for that Court to review this Judgment and Sentence. It may be granted or denied. Do you understand that? A. _____ YES

35. Petition for a Writ of Certiorari must be filed in the Court of Criminal Appeals within ninety (90) days from this date. Notice of such filing must be given within five (5) days thereafter by serving a copy of the Petition for Writ of Certiorari on the prosecuting attorney, who prosecuted the petitioner and on the Attorney General. Do you understand that? A. _____ YES

36. Have you fully understood the questions that have just been asked you and the answers you have given to each question, and are they your free and voluntary answers to these questions as asked and without any compulsion or coercion of any kind? A. YES

ABOVE DONE IN OPEN COURT this 27th day of February, 19 80

(This is to be filed in the case as a part of the trial minutes.)

_____          _____
Assistant District Attorney              District Judge

X _____          _____
Attorney for Defendant               Official Court Reporter Present

X HASSAN. ABPIKAR                    _____
Defendant                            Deputy Court Clerk Present

I, the defendant in this (these) case(s), and my attorney have read the above and foregoing Summary of Facts, and it is a full and true statement of the questions asked and my answers to them. I approve this Summary and do not desire to change it or add anything to it.

X HASSAN. ABPIKAR
The Defendant

I, PATRICIA PRESLEY, Court Clerk for Oklahoma County, Okla., hereby certify that the foregoing is a true, correct and complete copy of the instrument herewith set out as appears of record in the District Court Clerk's Office of Oklahoma County, Okla., this ___ day of _____, 20___.
By _____ PATRICIA PRESLEY, Court Clerk
                                        Deputy

hlw - 6-23-77

Exhibit B

O: (NAME and TITLE of Person in Charge o          )

Name of Facility)

| Please | ☐ Detain | ☑ Release | | Date |
|--------|----------|-----------|---|------|

Name of Alien                                                                    File I

| Age | Date of Birth (Mo./Day/Yr.) | Sex | Nationality | Foreign Address |
|-----|------------------------------|-----|-------------|-----------------|

| Nature of Proceedings | Signature of Officer Receiving Alien |
|------------------------|--------------------------------------|

REMARKS:

| Signature of Officer Authorizing Action | Title | Office |
|------------------------------------------|-------|--------|

Form 1-203 (Rev. 7-15-78) Y

UNITED STATES DEPARTMENT OF JUSTICE — Immigration and Naturali

Exhibit C





Address Change:





IAA101544-XTW
MORTEZA D. DASHTI
472 DAVID AVE. APT 25
SAN JOSE, CA 95128
PLACE OF BIRTH: IRAN
DOB: 06/10/1963 CAT: B
SEX: M EYES: BROWN HT: 5' 11"

ISSUED: 8/13/07
EXPIRES: 8/13/10

SIGNATURE

M. D.

امضاء دارنده گذرنامه

Holder's Signature:

Country of Residence:
**IRAN**

کشور محل اقامت :
ایران

Place of Issued on :
**NAJA PASSPORT OFFICE**

محل صدور :
اداره کل گذرنامه

مدرک صدور گذرنامه : ۸۳–۵۱۰–۲۲–۲۶۵۸۲۲

شماره کلاسه : ۴۸۹۶–۳۹۹

Name & Position of Issuing of officer:
سرتیپ دوم پاسدار محمد علی رهنما – مدیر کل گذرنامه ناجا

**MOHAMMAD ALI RAHNAMA MANAGER OF
NAJA PASSPORT OFFICE**

نام و سمت صادر کننده :

Observation :

ملاحظات :

جمهوری اسلامی ایران
**ISLAMIC REPUBLIC OF IRAN**

Passport Number: **C1211072**

شماره ملی : ۶–۴۴۸۷–۰۵–۰۰

Surname: **ARMAN**

نام خانوادگی: دشتی

Given Name: **PARSA**

نام: مرتضی

Father's Name: **REZA**

نام پدر: رضا حسین

Date & Place of Birth: **1979/02/14- TEHRAN**

تاریخ و محل تولد: ۱۳۴۲٬۰۳٬۲۰ – تهران

Sex: **M**

Date of Issue: **2006/11/06**

شماره : ۶۳۴

Date of Expiry: **2011/11/07**

تاریخ صدور: ۱۳۰۰٬۰۷٬۱۵

تاریخ صدور: ۱۳۸۰٬۰۷٬۱۵

P<IRNPARSA<<ARMAN<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<
C1211072<5IRN7902146M0432190<<<<<<<<<<<<<<<<<<<<<<<<01

امضاء دارنده گذرنامه

Country of Residence:          کشور محل اقامت :

**IRAN**      ایران

Holder's Signature:

Place of Issued on :        محل صدور :

**NAJA PASSPORT OFFICE**    اداره کل گذرنامه

مدرک صدور گذرنامه : ۸۳−۵۱۰−۲۲−۲۶۵۸۲۲

شماره کلاسه : ۴۸۹۶−۳۹۹

Name & Position of Issuing of officer:     نام و سمت صادر کننده :

سرتیپ دوم پاسدار محمد علی رهنما − مدیر کل گذرنامه ناجا

**MOHAMMAD ALI RAHNAMA MANAGER OF NAJA PASSPORT OFFICE**

Observation :        ملاحظات :



جمهوری اسلامی ایران
**ISLAMIC REPUBLIC OF IRAN**

شماره ملی : ۶−۲۴۸۷−۰۰۵

Passport Number: **C1127082**



نام خانوادگی: دشتی

Surname: **DASHTI**

Given Name: **MORTEZA**     نام: مرتضی

Father's Name: **REZA HOSSEIN**     نام پدر: رضا حسین

Date & Place of Birth: **1963/06/10 − TEHRAN**    تاریخ و محل تولد: ۱۳۴۲/۰۳/۲۰ − تهران

Sex: **M**     جنسیت: مرد

Date of Issue: **2004/10/06**

Date of Expiry: **2009/10/07**

```
P<IRNDASHTI<<MORTEZA<<<<<<<<<<<<<<<<<<<<<<<
C1127082<5IRN6306106M0910075<<<<<<<<<<<<<<01
```

SAN JOSE POLICE DEPARTMENT ❑ MISDEMEANOR     CITATION NO.

**NOTICE TO APPEAR**     ❑ Traffic     **No. J**

❑ Nontraffic

| DATE OF VIOLATION | TIME | ❑ AM | DAY OF WEEK | CASE NUMBER |
|---|---|---|---|---|
| / | | ❑ PM | S M T W T F S | |

NAME (FIRST, MIDDLE, LAST)     ❑ OWNER'S RESPONSIBILITY (Veh. Code, § 40001)

ADDRESS

| CITY | STATE | ZIP CODE | ❑ JUVENILE (Phone No.) |
|---|---|---|---|
| | | | (   ) |

| DRIVER LIC. NO. | STATE | CLASS | COMMERCIAL | AGE | BIRTHDATE |
|---|---|---|---|---|---|
| | | | ❑ YES  ❑ NO | | / / |

| SEX | HAIR | EYES | HEIGHT | WEIGHT | RACE | OTHER DESCRIPTION |
|---|---|---|---|---|---|---|

VEH. LIC. NO. OR VIN     STATE

| YR. OF VEH. | MAKE | MODEL | BODY STYLE | COLOR |
|---|---|---|---|---|

❑ COMMERCIAL VEHICLE
(Veh. Code, § 15210(b))

EVIDENCE OF FINANCIAL RESPONSIBILITY

❑ HAZARDOUS MATERIAL
(Veh. Code, § 353)

REGISTERED OWNER OR LESSEE     ❑ SAME AS DRIVER

ADDRESS     ❑ SAME AS DRIVER

CITY     STATE     ZIP CODE

CORRECTABLE VIOLATION (Veh. Code, § 40610)     MISDEMEANOR OR
INFRACTION (Circle)

| YES | NO | CODE AND SECTION | DESCRIPTION | |
|---|---|---|---|---|
| ❑ | ❑ | | | M  I |
| ❑ | ❑ | | | M  I |
| ❑ | ❑ | | | M  I |
| ❑ | ❑ | | | M  I |

| SPEED APPROX | P.F. MAX. SPD | VEH. LMT | SAFE | ❑ RADAR | BEAT | N |
|---|---|---|---|---|---|---|
| ➤ | | | | ❑ LASER / | | |

LOCATION OF VIOLATION(S)     LANE NO.

AT     W     E

COMMENTS (WEATHER, ROAD, AND TRAFFIC CONDITIONS)     ❑ ACCIDENT

S

❑ VIOLATIONS NOT COMMITTED IN MY PRESENCE, DECLARED ON INFORMATION AND BELIEF.
I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

to

| ARRESTING OR CITING OFFICER | BADGE NO. | DATES OFF |
|---|---|---|

to

| DATE | NAME OF ARRESTING OFFICER IF DIFFERENT FROM CITING OFFICER | BADGE NO. | DATES OFF |
|---|---|---|---|
| / / | | | |

WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED
BELOW.

X Signature

WHEN:  DAY _____     DATE ___/___/___     TIME _____  ❑ AM  ❑ PM

WHAT TO DO: FOLLOW THE INSTRUCTIONS ON THE REVERSE

| WHERE | ❑ CRIMINAL SUPERIOR COURT | ❑ JUVENILE MISD. | ❑ TRAFFIC COURT |
|---|---|---|---|
| | 190 W. Hedding St | 2610 N. First Street | 935 Ruff Dr. |
| | San Jose, CA 95110 | San Jose, CA 95134 | San Jose, CA 95110 |
| | (408) 808-6600 | (408) 435-2275 | (408) 808-3100 |

❑ TO BE NOTIFIED

| PIN (FOR COURT USE ONLY) | CEN (FOR COURT USE ONLY) |
|---|---|

Form TR-130 as approved by the Judicial Council of California.
(Veh. Code §§ 40500-40522)

DEFENDANT COPY     **SEE REVERSE
TR-130**